Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VALBONA LAHU, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>STILLMAN LAW OFFICE, LLC;<br>STUART LEBENBOM;<br>MICHAEL STILLMAN;<br>and JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Valbona Lahu, by way of Class Action Complaint against Defendants, Stillman Law Office, LLC, Stuart Lebenbom, Michael Stillman, and John Does 1 to 10 states:

### I.   NATURE OF THE ACTION

1.   Plaintiff brings this action for damages against Defendants arising from Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### II.   JURISDICTION AND VENUE

2.   This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

### III. PARTIES

4. Plaintiff, Valbona Lahu ("Plaintiff" or "Lahu"), is a natural person residing in Newton, New Jersey in Sussex County.

5. Defendant, Stillman Law Office, LLC ("Stillman Law), is a collection law firm with its principal office located at 110 West Road, Suite 217, Towson, Maryland 21204.

6. Defendant, Stuart Lebenbom, at all times relevant hereto, is a principal owner, officer, director, shareholder, and/or managing partner of Stillman Law, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of Stillman Law complained of herein.

7. Defendant, Michael Stillman, at all times relevant hereto, is a principal owner, officer, director, shareholder, and/or managing partner of Stillman Law, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of Stillman Law complained of herein.

8. Plaintiff is informed and believe, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally

control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## IV. FACTS

### A. Background

9. Defendants are not in the business of extending credit, selling goods or services to consumers.

10. Defendants regularly collect or attempt to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

11. Defendants are in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

12. Defendants use the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

13. Defendants are engaged in the collection business.

14. Defendants have asserted that Plaintiff incurred or owed a certain financial obligation arising from a medical account ("Debt" or "Account").

15. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

16. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

17. Defendants contend that the Account is past-due and in default.

18. Sometime after default, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendants for collection.

19. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

20. At all times relevant hereto, Defendants acted in attempts to collect the Debt.

21. In an attempt to collect the Debt, Defendants mailed a collection letter to Plaintiff on November 29, 2019 ("11/29/19 Letter").

22. A true copy of the 11/29/19 Letter sent by Defendants, but with redactions, is attached as *Exhibit A*.

23. The 11/29/19 Letter is an initial communication.

24. On information and belief, the 11/29/19 Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendants and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

25. The center of the 11/29/19 Letter states: "Balance: $58.50."

26. There is no itemization or breakdown of the balance in the 11/29/19 Letter.

27. Upon information and belief, $50.00 is the principal balance and the $8.50 represents the collection fee.

28. On information and belief, the $8.50 represents a 17% contingent collection fee on the amount of debt actually recovered by the Defendants.

29. On information and belief, Defendants are not legally or contractually permitted to charge contingent collection fees which were not yet incurred and earned by the Defendants.

30. At the time the 11/29/19 Letter was sent to the Plaintiff, Defendants had not recovered any funds that would permit the charging of a contingent collection fee.

31. Upon information and belief, the collection fee bears no relation to, has no actual basis in costs actually incurred by Defendants and is substantially greater than costs actually incurred by the Defendants.

32. Such a false statement makes the least sophisticated consumer uncertain as to the amount allegedly owed, how to properly prioritize their expenses versus their indebtedness and uncertain as to actual amount.

33. Further, the 11/29/19 Letter states: "We have not been retained to file a lawsuit against you. Further, at this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

34. Upon information and belief, no one at Stillman Law, is licensed as an attorney in the state of New Jersey.

35. To the least sophisticated consumer, the 11/29/19 Letter falsely appeared to be from licensed attorneys and impliedly represented that a lawyer with the Stillman Law Office had been retained as lawyers to represent the creditor. However, no attorney had personally reviewed the particular circumstances of the Debt (including a review of materials which would reasonably inform an attorney's opinion) in order to arrive at a professional opinion based on the lawyer's professional training and experience that the balance of the debt, which unlawfully included the collection fee, was accurate.

36. Had the 11/29/19 Letter in fact been mailed after a lawyer with the Stillman Law Office personally reviewed the particular circumstances of the Debt (including a review of

materials which would reasonably inform an attorney's opinion), such lawyer could not have arrived at a professional opinion based on the lawyer's professional training and experience.

37. Therefore, the 11/29/19 Letter was not the result of a lawyer's meaningful involvement and the 11/29/19 Letter was not from an attorney in any meaningful sense of the term.

38. Indeed, the Letter explicitly stated ". . . at this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

39. On information and belief, the 11/29/19 Letter is a mass-produced, computer-generated form letter—that is, it was created by merging electronically-stored information about the Debt with an electronically-stored template—that is mailed to consumers in New Jersey, such as Plaintiff, from whom Defendants were attempting to collect a debt.

40. On information and belief, the 11/29/19 Letter was created, printed, and mailed either by Defendants' nonlawyer staff or by a letter-vendor hired by Stillman Law.

41. On information and belief, Defendants collectively implemented, oversaw, supervised, and approved of Stillman Law's policies and practices in which they mailed the same form letter as the 11/29/19 Letter without taking "responsibility for the reasonable accuracy of each letter" and without "exercising due care that no letter misstates a fact with respect to the account" (including the Debt). Debt Collection Practices Reaffirming UPLC Opinion 8 and ACPE Opinions 259 and 506, NJ Eth. Op. 48 (N.J.Adv.Comm.Prof.Eth.), 208 N.J.L.J. 710, 2012 WL 12303774, at *1 (quoting ABA Informal Ethics Opinion 1368, "Mass Mailing of Form Collection Letters" (July 15, 1976)).

42. On information and belief, by mailing form letters such as the 11/29/19 Letter which falsely implied an attorney's meaningful involvement, including an attorney's approval

that the Letter was accurate, Defendants falsely, deceptively, and misleadingly represented to the least sophisticated consumer that the Letter was from an attorney and created a false impression as to the Letter's source.

43. All Defendants acted in concert in the attempt to collect the Debt from Plaintiff including the mailing of the 11/29/19 Letter to her.

44. It is Defendants' policy and practice to send written collection communications, in the form exemplified in Exhibit A, in an attempt to collect consumer debts, in violation of the FDCPA.

45. Defendants used the same procedures it used in sending the letters attached as Exhibit A to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V. CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

47. Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> **Class**: All natural persons with an address within the State of New Jersey, to whom, from November 28, 2019, through the final resolution of this case, Defendants sent one or more letters in an attempt to collect a consumer debt.

48. Plaintiff seeks to recover statutory damages, actual damages, and attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

49. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

50. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

52. Plaintiff's claims are typical of the claims of the members of the class.

53. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

54. Plaintiff does not have interests antagonistic to those of the class.

55. The class, of which Plaintiff is a member, is readily identifiable.

56. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation.  Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

57. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not

parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

58. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.   FIRST COUNT: VIOLATIONS OF THE FDCPA

59. Plaintiff, on behalf of herself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

60. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

61. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

62. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

63. The letter attached as Exhibit A and the letters which are the same or similar in form, sent by Defendants to Plaintiff and numerous other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

64. The letter attached as Exhibit A and the letters that are the same and similar in form, were sent by Defendants to Plaintiff and those similarly situated in an attempt to collect the debts.

65. Defendants' use of the written communications as described above, sent to Plaintiff and those similarly situated, violated sections 15 U.S.C. §§ 1692e, 1692e(2), 1692e(2)(A), 1692e(3), 1692e(5), 1692e(10), 1692f, 1692f(1), 1692g, and 1692g(1).

66. The violations of the FDCPA described herein constitute *per se* violations.

67. Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Valbona Lahu, on behalf of herself and others similarly situated, demands judgment against Defendants, Stillman Law Office, LLC, Stuart Lebenbom, and Michael Stillman, and states as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of each class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and each class pursuant to 15 U.S.C. 1692k(a)(1);

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except in the matter styled *Lahu v. I.C. System, Inc., et al.,* 2:20-cv-06732-CCC-ESK (D.N.J.)

                                                                                                                                         KIM LAW FIRM LLC

                                                                                                                                         *s/Yongmoon Kim*
Dated: November 30, 2020                                      Yongmoon Kim
                                                                                                                                        *Attorneys for Plaintiff*